UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of                                          101 West Lombard Street
**GEORGE L. RUSSELL, III**                           Baltimore, Maryland 21201
United States District Judge                         410-962-4055

May 16, 2016

MEMORANDUM TO PARTIES RE:         The Harry and Jeanette Weinberg Foundation, Inc. v.
                                  St. Marks Avenue, LLC, et al.
                                  Civil Action No. GLR-15-3525

Dear Parties:

Pending before the Court are Defendants', St. Marks Avenue, LLC and William Spivey (collectively "St. Marks"), Motion to Dismiss Complaint (ECF No. 8) and Plaintiff's, The Harry and Jeanette Weinberg Foundation, Inc. (the "Foundation"), Motions for Default Judgment (ECF Nos. 14, 15, 16, 17). The Court, having reviewed the Motions and supporting documents, finds no hearing necessary pursuant to Local Rule 105.6 (D.Md. 2014). For the reasons outlined below, the Court will deny St. Marks's Motion in part and stay it in part and deny the Foundation's Motions without prejudice.

The Foundation is a private Maryland organization that provides grants to organizations that offer direct services to disadvantaged and vulnerable individuals in Maryland and worldwide. On February 7, 1996, the Foundation entered into an agreement with the Communities Organized to Improve Life ("COIL") to develop property located at 1200 West Baltimore Street, Baltimore, Maryland (the "Property"). The Foundation granted COIL $675,000, which was thirty percent of the overall $2,268,000 cost to develop the Property. The agreement requires that: (1) once COIL completed the development of the Property, the Property could only be used as an adult education center providing programs and services for illiterate adults (the "Project"), (2) COIL had to operate as a not-for-profit corporation within the Property, and (3) COIL could not sell or transfer the Property without the Foundation's prior consent. Also, the agreement granted COIL the right to display "The Harry & Jeanette Weinberg" (the "display") on the Property upon completion of construction. Lastly, the agreement stated that if COIL dissolved or sold the Property with the Foundation's consent, the Property and all funds not yet spent on the Project were to be distributed to a not-for-profit entity with a similar purpose or placed in a trust.

On April 3, 2013, COIL sold the Property to St. Marks, a New York company, for $1,000,000 without the Foundation's consent. On November 13, 2014, the Foundation sent a letter to Defendant Stacy Smith, the Chief Executive Officer and registered agent of COIL, and Defendant Spivey, the sole member of St. Marks, stating that it was ceasing any further engagement with COIL and requesting the display be removed from the exterior of the property. St. Mark's registered agent offered to remove the display if the Foundation paid St. Marks $50,000.

On November 19, 2015, the Foundation filed a Complaint alleging a claim for false endorsement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (2012) (Count I); breach of contract (Count II); civil conspiracy (Count III); and accounting as to COIL and Smith (Count IV). (ECF No. 1). On February 4, 2016, St. Marks filed a Motion to Dismiss. (ECF No. 8). On February 16, 2016, the Foundation filed an Opposition to the Motion to Dismiss. (ECF No. 12). On March 11, 2016, the Foundation filed Motions for Default Judgment as to Defendants Delores A. Long-Coleman, Paul

Archibald, Smith, and COIL.  (ECF Nos. 14, 15, 16, 17).  On March 29, 2016, Smith filed a Motion to Dismiss Default Judgment (ECF No. 19), which the Court will construe as an opposition.  On April 11, 2016, the Foundation filed a Reply to Smith's opposition.  (ECF No. 20).

**Motion to Dismiss**[1]

A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not state "a plausible claim for relief."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id. at 678 (citing Twombly, 550 U.S. at 555).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (citing Twombly, 550 U.S. at 555).  Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element.  Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013).  In considering a Federal Rule of Civil Procedure 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true.  See Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir. 1999) (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)).

First, St. Marks argues the Foundation fails to allege a false endorsement claim because the Foundation consented to use of the display on the Property in the agreement.  Section 43(a) of the Lanham Act provides that:

> [a]ny person who, or in connection with any goods or services . . . uses in commerce any word, term [or] name ... or any false designation of origin . . . which . . . is likely to cause confusion, or cause mistake, or to deceive as to the affiliation, connection or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable . . . .

---

[1] Generally, "a court may not consider extrinsic evidence at the 12(b)(6) stage." Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC, 794 F.Supp.2d 602, 611 (D.Md. 2011).  If, however, "a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and the plaintiffs do not challenge its authenticity.'"  Id. (alterations in original) (quoting Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare Inc., 367 F.3d 212, 234 (4th Cir. 2004)); see also Gasner v. Cty. of Dinwiddie, 162 F.R.D. 280, 282 (E.D.Va. 1995) ("Finding the great weight of authority persuasive, this Court holds that when a plaintiff fails to introduce a pertinent document as part of his complaint, the defendant may attach the document to a motion to dismiss the complaint and the Court may consider the same without converting the motion to one for summary judgment.").  Because the letter attached to the Motion is not integral or explicitly relied on in the Complaint, the Court will not consider it and will not convert the Motion to one for summary judgment.

15 U.S.C. § 1125(a)(1)(A).

"Courts have recognized a § 43(a) injury 'where the plaintiffs' . . . names were used in such a way as to deceive the public into believing that they endorsed, sponsored, or approved of the defendant's product.'" Comins v. Discovery Commc'ns, Inc., 200 F.Supp.2d 512, 522 (D.Md. 2002) (quoting Advanced Res. Int'l, Inc. v. Tri-Star Petroleum Co., 4 F.3d 327, 334 (4th Cir. 1993)). "False endorsement occurs when a person's [or company's] identity is connected with a product or service in such a way that consumers are likely to be misled about the person's [or company's] sponsorship or approval of the product or service." AvePoint, Inc. v. Power Tools, Inc., 981 F.Supp.2d 496, 517 (W.D.Va. 2013) (quoting Maremont v. Susan Fredman Design Grp., Ltd., 772 F.Supp.2d 967, 971 (N.D.Ill. 2011)). To prove a claim for false endorsement, the plaintiff must also demonstrate "the likelihood of consumer confusion as to the origin, approval or endorsement of the product." Comins, 200 F.Supp.2d at 522.

The Foundation sufficiently alleges St. Marks's continued use of the display on the Property will cause confusion because the public will mistakenly believe the Foundation endorses St. Marks. Though the agreement states the display shall be prominently and permanently displayed on the Property (ECF No. 1-1), St. Marks is not a party to the agreement. To the extent St. Marks argues it is a third-party beneficiary to the agreement, "[a]n individual is a third-party beneficiary to a contract if the contract was intended for his or her benefit and it clearly appears that the parties intended to recognize him or her as the primary party in interest and as privy to the promise." CR-RSC Tower I, LLC v. RSC Tower I, LLC, 56 A.3d 170, 212 (Md. 2012) (quoting 120 W. Fayette St., LLLP v. Mayor of Balt., 43 A.3d 355, 368 (Md. 2012)). Upon consideration of the agreement, the Court does not find that the Foundation and COIL clearly intended to confer a direct benefit to St. Marks. The Court, therefore, concludes St. Marks cannot benefit from the terms of the agreement. See id. ("It is not enough that the contract merely operates to an individual's benefit: An incidental beneficiary acquires by virtue of the promise no right against the promisor or the promisee." (quoting 120 W. Fayette St., 43 A.3d at 368)).

St. Marks further argues the Foundation's false endorsement claim is moot because St. Marks offered a settlement allowing the Foundation to remove the display. "[A]n unaccepted settlement offer or offer of judgment does not moot a plaintiff's case." Campbell-Ewald Co. v. Gomez, 136 S.Ct. 663, 672 (2016). Because the Foundation has not accepted St. Marks's settlement offer, the Court finds the claim is not moot and this Court retains jurisdiction to adjudicate the claim.[2] As such, the Court will deny St. Mark's Motion as to Count I.[3]

---

[2] St. Marks also argues the Court should not retain jurisdiction over the Foundation's state law claims. Pursuant to 28 U.S.C. § 1367(a) (2012), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Because the Court has original jurisdiction over the Foundation's false endorsement claim under 28 U.S.C. § 1331 and the state law claims form part of the same case, the Court will exercise supplemental jurisdiction over the state law claims at this stage of the litigation.

[3] The Court will also deny the Motion as to the Foundation's breach of contract claim because it is clear that claim was not alleged against St. Marks as St. Marks is not a party to the agreement.

Next, St. Marks argues the Foundation fails to allege a civil conspiracy claim. "Civil conspiracy requires '(1) a confederation of two or more persons by agreement or understanding; (2) some unlawful or tortious act done in furtherance of the conspiracy or use of unlawful or tortious means to accomplish an act not itself illegal; and (3) actual legal damage resulting to the plaintiff.'" Great Am. Ins. Co. v. Nextday Network Hardware Corp., 73 F.Supp.3d 636, 643 (D.Md. 2014) (quoting Lloyd v. Gen. Motors Corp., 916 A.2d 257, 284 (Md. 2007)). "A civil conspiracy can be established 'by inferences drawn from the nature of the acts complained of, the individual and collective interests of the alleged conspirators, the situation and relation of the parties, their motives and all the surrounding circumstances preceding and attending the culmination of the common design.'" Id. (quoting Daugherty v. Kessler, 286 A.2d 95, 101 (Md. 1972)).

The agreement states COIL could not sell or transfer the Property without the Foundation's prior consent and if COIL sold the Property, the proceeds of the sale were to be distributed to a not-for-profit entity with a purpose similar to COIL's or placed in a trust. The Foundation alleges COIL entered into a conspiracy with St. Marks to unlawfully breach the agreement and benefit from selling the Property without the Foundation's consent. St. Marks argues the term requiring the Foundation's consent of the sale is an unreasonable restraint on alienation and unenforceable and, therefore, it cannot be held liable for allegedly conspiring to breach the term. "The need to obtain the prior consent of another is a text-book example of an unreasonable restraint on alienation." Williams v. First Fed. Sav. & Loan Ass'n of Arlington, 651 F.2d 910, 925 (4th Cir. 1981).

The Foundation argues, however, the agreement creates an enforceable charitable trust which may include such a restraint. See Long Green Valley Ass'n v. Bellevale Farms, Inc., 46 A.3d 473, 489 (Md.Ct.Spec.App. 2012) ("A charitable trust is a fiduciary relationship with respect to property arising as a result of a manifestation of an intention to create it, and subjecting the person by whom the property is held to equitable duties to deal with the property for a charitable purpose." (quoting Rosser v. Prem, 449 A.2d 461 (Md.Ct.Spec.App. 1982)); see also Convention of Protestant Episcopal Church of the Diocese of Wash. v. PNC Bank, N.A., 802 F.Supp.2d 664, 670 (D.Md. 2011) (implying the validity of charitable trust's prohibition against alienation); Kirkland v. Mercantile-Safe Deposit & Trust Co. of Balt., 145 A.2d 230, 233 (1958) (implying a restraint on alienation in a trust may be permitted to protect the beneficiaries of the trust).

The Court must determine whether the term in the agreement is enforceable before it can conclude whether the Foundation has sufficiently pled a civil conspiracy claim against St. Marks. The Court will, therefore, direct the parties to brief this issue according to the following schedule:

| | |
|---|---|
| Defendants' Brief | May 26, 2016 |
| Plaintiff's Response | June 9, 2016 |
| Defendants' Reply | June 16, 2016 |

## Motions for Default Judgment

Rule 55 provides for entering a default and default judgment. Rule 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Default judgments are governed by Rule 55(b). In considering a motion for default judgment, the court accepts as true the well-pleaded factual allegations in the complaint as to liability. See Ryan v. Homecomings Fin.

_Network_, 253 F.3d 778, 780 (4th Cir. 2001). The court, however, must determine whether the unchallenged factual allegations constitute a legitimate cause of action. See id.

The Foundation's Motions for Default Judgment as to Smith,[4] Long-Coleman, and Archibald appear to seek restitution damages and accounting for the alleged breach of the agreement. Rule 54(b) states "when multiple parties are involved [in an action], the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The Rule "authorizes a delay in entry of judgment for the 'just reason' of avoiding 'logically inconsistent judgments in the same action.'" Vick v. Wong, 263 F.R.D. 325, 332 (E.D.Va. 2009) (quoting _Phoenix Renovation Corp. v. Gulf Coast Software, Inc._, 197 F.R.D. 580, 582 (E.D.Va. 2000)). "A default judgment should not produce 'logically inconsistent judgments resulting from an answering defendant's success on the merits and another defendant's suffering of a default judgment.'" _Choice Hotels Int'l, Inc. v. Atl. Hotel Mgmt., Inc._, No. GJH-15-0888, 2016 WL 738691, at *2 (D.Md. Feb. 22, 2016) (quoting _Jefferson v. Briner, Inc._, 461 F.Supp.2d 430, 434 (E.D.Va. 2006)).

Because the Court cannot determine whether the term requiring the Foundation's consent of the sale is enforceable at this time, resolving the Motions for Default Judgment may yield logically inconsistent judgments in this action. The Court, therefore, finds just reason to delay entry of default judgment as to Smith, Long-Coleman, and Archibald and will deny the Motions for Default Judgment without prejudice.[5]

---

[4] On November 24, 2015The Foundation served Smith by leaving a copy of the Summons and Complaint at her home with someone of suitable age and discretion who resides there, Ronald Herman. (ECF No. 5). Smith argues Herman does not reside at her home and, therefore, she was not effectively served. "A proper return of service is prima facie evidence of valid service of process" and "a mere denial of service is not sufficient" to rebut the presumption of validity. _Wilson v. Md. Dep't of Env't_, 92 A.3d 579, 587 (Md.Ct.Spec.App. 2014) (citing _Pickett v. Sears, Roebuck & Co._, 775 A.2d 1218, 1227 (Md. 2001)); accord _Trademark Remodeling, Inc. v. Rhines_, 853 F.Supp.2d 532, 541 (D.Md. 2012). The denial must be supported by "corroborative evidence by independent, disinterested witnesses." _Wilson_, 92 A.3d at 587 (quoting _Ashe v. Spears_, 284 A.2d 207, 210 (Md. 1971)); see _Ashe_, 284 A.2d at 210 (citing _Sarlouis v. Firemen's Ins. Co._, 45 Md. 241, 244 (1876) ("[T]he affirmative testimony of the official process server acting in the regular routine of duty without a motive to misrepresent must be preferred to the negative evidence of one claiming not to have been served, either for reasons of public policy or as a matter of probability.").

The Foundation filed the process server's statement affirmed under the penalties of perjury. (ECF No. 5). The Court finds that Smith's uncorroborated denial of service is not sufficient to rebut the presumption of validity. As such, the Foundation's service on Smith is valid and this Court has personal jurisdiction over Smith.

[5] The Foundation also filed a Motion for Default Judgment as to COIL, though it is not a named Defendant in this matter. In the Complaint, the Foundation alleges COIL's corporate charter has been forfeited, and Smith, Long-Coleman, and Archibald and Defendants Robert Lee and Michele Gibson became the trustees of COIL's assets. While Maryland law is clear that a forfeited corporation, like COIL, lacks any capacity to be sued, see Md.Code Ann., Corps. & Ass'ns § 3-503 (West 2016), Maryland law is equally clear that directors or trustees can be sued in their own names, or in the name of the corporation, for claims related to the winding up of corporate affairs, see § 3-515(c)(3). Because the

For the foregoing reasons, St. Marks's Motion to Dismiss (ECF No. 8) is DENIED in part and STAYED in part. The Foundation's Motions for Default Judgment as to Smith, Long-Coleman, and Archibald (ECF Nos. 14, 15, 16) are DENIED WITHOUT PREJUDICE. The Foundation's Motion for Default Judgment as to COIL (ECF No. 17) is DENIED. Smith's Motion to Dismiss Default Judgment (ECF No. 19), construed as an opposition, is DENIED. Despite the informal nature of this memorandum, it shall constitute an Order of this Court. The Clerk is directed to docket the Order accordingly and mail a copy to Smith at her address of record.

Very truly yours,

/s/

_____

George L. Russell, III
United States District Judge

---

Foundation has not added COIL as a party and cannot proceed directly against COIL, the Court will deny the Foundation's Motion for Default Judgment as to COIL.