UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**George L. Russell, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

April 21, 2017

MEMORANDUM TO PARTIES RE:   The Harry and Jeanette Weinberg Foundation,
Inc. v. St. Marks Avenue, LLC, et al.
Civil Action No. GLR-15-3525

Dear Parties:

There are numerous motions to dismiss pending currently before the Court. First, there are Defendant Stacy Smith's two Motions to Dismiss for Failure to State a Claim (ECF Nos. 69, 102). Next, there are Plaintiff's, The Harry and Jeanette Weinberg Foundation, Inc. (the "Foundation"), and Defendants', St. Marks Avenue, LLC ("St. Marks") and William Spivey (collectively, the "St. Marks Defendants"), Motions to Dismiss Smith's Counterclaim/Crossclaim[1] (ECF Nos. 79, 88). Finally, there are the Foundation's and the St. Marks Defendants' Motions to Dismiss Smith's Amended Counterclaim/Crossclaim[2] (ECF Nos. 120, 121). All the Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will: (1) deny Smith's Motions; (2) deny as moot the Foundation's and the St. Marks Defendants' Motions to Dismiss Smith's Counterclaim; and (3) grant the Foundation's and the St. Marks Defendants' Motions to Dismiss Smith's Amended Counterclaim. The Court will provide Smith an opportunity to move for leave to file a second amended counterclaim.

The Foundation is a private Maryland organization that provides grants to organizations that offer direct services to disadvantaged and vulnerable individuals. (Am. Compl. ¶ 3, ECF No. 57). Smith is the Chief Executive Officer and registered agent of Communities Organized to Improve Life, Inc. ("COIL"), a not-for-profit corporation organized under Maryland law. (Id. ¶¶ 6, 7). This matter involves the sale of property located at 1200 West Baltimore Street, Baltimore, Maryland 21223 (the "Property"), COIL's principal address. (Id. ¶¶ 6, 18–21). On February 7, 1996, the Foundation entered into an agreement with COIL to develop the Property and granted COIL $675,000 for its development (the "Agreement"). (Id. ¶¶ 13, 14). The Agreement also gave COIL the right to display "The Harry & Jeanette Weinberg" (the "Sign") on the Property after construction ended. (Id. ¶ 16). The Agreement further stated that if COIL dissolved or sold the Property with the Foundation's consent, COIL must give the Property and all funds not yet spent on its development to a not-for-profit entity with a similar purpose or place the funds in a trust. (Id. ¶ 17).[3]

On April 3, 2013, COIL sold the Property to St. Marks, a New York company, for $1,000,000 without the Foundation's consent. (Id. ¶¶ 4, 18–21). On November 13, 2014, the Foundation sent a

---
[1] Because Smith alleges claims against the Foundation, it is a counterclaim, but because she also alleges claims against the St. Marks Defendants, it is a crossclaim as well. For ease of reference, the Court will refer to Smith's claims against the Foundation and the St. Marks Defendants collectively as the "Counterclaim."

[2] For ease of reference, the Court will refer to Smith's amended claims against the Foundation and the St. Marks Defendants collectively as the "Amended Counterclaim." See supra note 1.

[3] Additional facts regarding the Agreement are set forth in this Court's May 16, 2016 Order. (See ECF No. 24).

letter to Smith and Defendant Spivey, the sole member of St. Marks, stating that it was ceasing any further engagement with COIL and requesting for the Sign to be removed from the exterior of the Property. (Id. ¶¶ 21, 22). Instead, the Sign remains displayed on the Property. (Id. ¶ 26). As of November 2015, COIL's forfeited its corporate charter, making Smith one trustee of COIL's assets. (Id. ¶ 6).

On November 19, 2015, the Foundation sued the St. Marks Defendants and Smith, alleging claims for False Endorsement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (2012) (Count I), Breach of Contract (Count II), Civil Conspiracy (Count III), and Accounting as to both COIL and Smith (Count IV). (Compl., ECF No. 1). On June 28, 2016, the Foundation filed a Motion for Leave to File an Amended Complaint. (ECF No. 38). Smith did not oppose the Motion. On December 5, 2016, the Court granted the Foundation's Motion (ECF No. 56) and the Foundation filed an Amended Complaint on the same day (ECF No. 57). On January 17, 2017, Smith filed a Motion to Strike and Renewed Motion to Dismiss for Failure to State a Claim (ECF No. 69) and the Foundation filed a Response on January 30, 2017 (ECF No. 70). Smith did not file a Reply.

On February 3, 2017, Smith, on her own and without her counsel, filed a Counterclaim against the Foundation and the St. Marks Defendants alleging various claims under the U.S. Constitution (Count I), the Sherman Anti-Trust Act (Count II), and Maryland law (Counts III–XII). (Countercl., ECF No. 73). On February 15, 2017, Smith's counsel filed a Motion to Withdraw as Attorney (ECF No. 81) that the Court granted on February 16, 2017 (ECF No. 84). Proceeding pro se, Smith filed an additional Motion to Dismiss on March 13, 2017. (ECF No. 102).

In response to Smith's Counterclaim, on February 14, 2017, the Foundation filed a Motion to Dismiss Smith's Counterclaim (ECF Nos. 79, 80) and on February 22, 2017, the St. Marks Defendants did the same (ECF No. 88). Smith responded to both Motions on March 13, 2017. (ECF Nos. 104, 105). The same day, Smith filed an Amended Counterclaim against the Foundation and the St. Marks Defendants alleging only Tortious Interference with Contract (Count I), Defamation of Character (Count II), Negligent and Intentional Infliction of Emotional Distress (Count III), and Abuse of Process (Count IV). (Am. Countercl., ECF No. 103). In response, on March 27, 2017, the Foundation and the St. Marks Defendants each filed a Motion to Dismiss Smith's Amended Counterclaim. (ECF Nos. 120, 121). Smith filed Responses on April 11, 2017. (ECF Nos. 125, 126). The Foundation filed a Reply on April 20, 2017. (ECF No. 128).

When reviewing a motion to dismiss for failure to state a claim, the purpose is "to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999) (quoting Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Rule 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013).

2

A court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cty., 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

Smith filed her Counterclaim pro se. Pro se pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); accord Brown v. N.C. Dep't of Corr., 612 F.3d 720, 722 (4th Cir. 2010). Pro se complaints are entitled to special care to determine whether any possible set of facts would entitle the plaintiff to relief. Hughes v. Rowe, 449 U.S. 5, 9–10 (1980). But even a pro se complaint must be dismissed if it does not allege "a plausible claim for relief." Forquer v. Schlee, No. RDB-12-969, 2012 WL 6087491, at *3 (D.Md. Dec. 4, 2012) (citation and internal quotation marks omitted).

**Smith's Motions to Dismiss for Failure to State a Claim**

Smith first argues that the Foundation's claims against her should be dismissed because COIL has properly revived its corporate charter with the Maryland State Department of Assessments and Taxation, making COIL—rather than Smith—the proper Defendant. The Foundation argues that Smith remains the proper Defendant because under COIL's by-laws, COIL improperly revived its charter. The Foundation also asserts that Smith violated COIL's by-laws by taking unauthorized actions and misappropriating funds. Both Smith and the Foundation, however, rely on facts outside of the Amended Complaint: for Smith, the revival of COIL's charter; for the Foundation, the content of COIL's by-laws. The parties, then, are attempting to "resolve contests surrounding the facts" rather than addressing the "sufficiency of the complaint," which is inappropriate at this stage of the case. See Edwards, 178 F.3d at 243–44.

Smith further contends that the Foundation's claims are moot because the Sign was removed from the building before the Foundation filed suit against Smith. The Foundation maintains that the Sign was not removed until May 2016, approximately six months after the Foundation filed the Complaint. Again, Smith and the Foundation rely on facts outside of the Complaint to assert when the Sign was removed: The Foundation relies on deposition testimony describing when the Sign was removed; Smith states baldly in her Motion that the Sign was removed before the Foundation filed the Complaint. Such arguments are likewise inappropriate at this stage of the case because both assertions directly contradict the Complaint's allegation that the Sign remains displayed on the Property. See id.; Am. Compl. ¶ 26. Thus, the Court will not grant Smith's Motion on either basis.

The Court can dispose of Smith's final two final arguments easily. Smith moves to "strike" the Foundation's Amended Complaint.[4] Smith maintains that she never received notice of the Foundation's Motion to Amend/Correct the Complaint. The Foundation filed its Motion on the Court's Case

---

[4] Rule 12(f) provides that courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Here, instead, Smith seeks to strike the entire Amended Complaint as improper. Accordingly, the Court construes the Motion as a motion under Rule 54(b) to alter or amend the Court's December 5, 2016 Order (ECF No. 56) granting the Foundation's Motion to Amend/Correct the Complaint (ECF No. 38).

3

Management/Electronic Case Files system, and under Local Rule 102.1(c), electronic filing constitutes a certificate of service to all parties to whom electronic notice is sent. In addition, Smith is under a continuing obligation under Local Rule 102.1(b) to notify the Clerk of any change of address, including email address. Thus, any lack of notice to Smith of the Foundation's Motion represents a failure by Smith to comply with the Local Rules.

Finally, Smith argues that the Foundation failed to allege the elements of a civil conspiracy[5] sufficiently because Smith was acting in the best interests of COIL, rather than to accomplish an unlawful act, and because the Foundation failed to allege damages. Whether Smith intended to accomplish an unlawful act is a factual issue considered appropriately only at a later stage of the case. See Edwards, 178 F.3d at 243–44.[6] And the Foundation alleged that Smith's participation in a civil conspiracy caused damages to the Foundation. (See Am. Compl. ¶ 53) ("As a direct and proximate result of the conspiracy to unlawfully trade on the Foundation's name, entered into by Defendants, the Foundation has suffered damages in an amount to be determined at trial."). Smith provides no argument for why that allegation is insufficient. Accordingly, the Court will deny Smith's Motion.

**Motions to Dismiss Smith's Counterclaim and Amended Counterclaim**

As a threshold matter, the Court must determine the operative counterclaim. When a defendant files an amended counterclaim, it generally moots any pending motions to dismiss because it supersedes the original counterclaim. Cf. Venable v. Pritzker, No. GLR-13-1867, 2014 WL 2452705, at *5 (D.Md. May 30, 2014), aff'd, 610 F.App'x 341 (4th Cir. 2015) (holding that when a plaintiff files an amended complaint, it generally supersedes the original complaint). Here, Smith filed her Counterclaim against the Foundation and the St. Marks Defendants on February 3, 2017. (ECF No. 73). In response, the Foundation filed a Motion to Dismiss Smith's Counterclaim on February 14, 2017, (ECF Nos. 79, 80), and the St. Marks Defendants did the same on February 22, 2017 (ECF No. 88). Smith then filed her Amended Counterclaim on March 13, 2017. (ECF No. 103). Thus, the Counterclaim is superseded by the Amended Counterclaim. The Foundation's and St. Marks Defendants' Motions to Dismiss, consequently, are mooted because Smith filed her Amended Counterclaim after the Foundation and the St. Marks Defendants filed their Motions to Dismiss. Accordingly, the Court will dismiss these Motions to Dismiss as moot. The operative counterclaim is the Amended Counterclaim.

The Court concludes that the Amended Counterclaim violates Rule 8.[7] Rule 8(a)(2) requires a pleading that states a claim for relief to contain "a short and plain statement of the claim showing that

---

[5] Under Maryland law, civil conspiracy has three elements: "1) A confederation of two or more persons by agreement or understanding; 2) [S]ome unlawful or tortious act done in furtherance of the conspiracy or use of unlawful or tortious means to accomplish an act not in itself illegal; and 3) Actual legal damage resulting to the plaintiff." Windesheim v. Larocca, 116 A.3d 954, 975 (Md. 2015) (alteration in original) (quoting Lloyd v. Gen. Motors Corp., 916 A.2d 257, 284 (Md. 2007)) (internal quotation marks omitted).

[6] For the aforementioned reasons, the Court will dismiss Smith's Motion to Dismiss (ECF No. 102) that Smith filed on March 13, 2017 while proceeding pro se. Smith argues that the Court should dismiss the Complaint because Smith "exercised above reasonable care" when COIL sold the Property to St. Marks. (Mot. Dismiss at 3). Whether Smith exercised reasonable care is a question the Court may consider only later in the case, as well. See Edwards, 178 F.3d at 243–44.

[7] The fact that neither the Foundation, nor the St. Marks Defendants, raises an argument under Rule 8 in their Motions to Dismiss Smith's Amended Counterclaim does not preclude the Court's consideration and application of Rule 8. See Kamen v. Kemper Fin. Servs., Inc., 500 U.S. 90, 99 (1991)

the pleader is entitled to relief" and Rule 8(d)(1) requires "[e]ach allegation [to] be simple, concise, and direct." (Emphasis added.) Under Rule 8, then, a court may dismiss claims that "impose a burden" on the Court when identifying their factual bases in the pleadings. Greene v. Colvin, No. WMN-15-1183, 2015 WL 11090690, at *2 (D.Md. May 20, 2015) (citing Holsey v. Collins, 90 F.R.D. 122, 123–24 (D.Md. 1981)), aff'd, 622 F.App'x 307 (4th Cir. 2015). Dismissal under Rule 8 is warranted when the claims are "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." Id. (quoting Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)) (internal quotation marks omitted). And while a court must construe pro se pleadings liberally, there is no obligation for a court to "ferret through" pro se pleadings "searching for viable claims." Phair v. Officer Darwin Zambrana, No. WDQ-14-2618, 2016 WL 258634, at *3 (D.Md. Jan. 19, 2016) (citation and internal quotation marks omitted).

Here, the Court observes that the Amended Counterclaim spans forty-six pages and contains 232 numbered paragraphs where Smith details an unbounded collection of persons, private organizations, and public entities, the vast majority of whom are not parties to this case. Smith casts these persons and entities in a roving multiplicity of events that allegedly take place over the course of years. Her voluminous allegations are far from a model of clarity—204 of the numbered paragraphs are not listed under any specific count—muddying how her allegations are relevant to the claims she brings against the other parties in this case. The Court declines to "ferret through" the Amended Counterclaim to discern the relevant facts for Smith's claims. See Phair, 2016 WL 258634, at *3. Accordingly, the Court will dismiss the Amended Counterclaim under Rule 8. See Greene, 2015 WL 11090690, at *2. The Court will, however, provide Smith an opportunity to move for leave to file a second amended counterclaim. See Fed.R.Civ.Proc. 15(a)(2) (permitting a party to amend its pleading with the court's leave after amending its pleading once as a matter of course).

For the foregoing reasons, Smith's Motions to Dismiss for Failure to State a Claim (ECF Nos. 69, 102) are DENIED. The Foundation's and the St. Marks Defendants' Motions to Dismiss Smith's Counterclaim (ECF Nos. 79, 88) are DENIED AS MOOT. The Foundation's and the St. Marks Defendants' Motions to Dismiss Smith's Amended Counterclaim (ECF Nos. 120, 121) are GRANTED. Smith has ten days from the date of this memorandum to move for leave to file a second amended counterclaim if she so chooses. If so, the Court reminds Smith that any proposed second amended counterclaim must comply with Rule 8 and Local Rule 103.6(c).

Despite the informal nature of this Memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly and mail a copy to Smith at her address of record.

Very truly yours,

/s/
George L. Russell, III
United States District Judge

---

("When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties . . .").