IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THE HARRY AND JEANETTE WEINBERG :
FOUNDATION, INC.,
:
    Plaintiff,
:
v.
:   Civil Action No. GLR-15-3525
ST. MARKS AVENUE, LLC, et al.,
:
    Defendants.

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendants', St. Marks Avenue, LLC ("St. Marks") and William Spivey (collectively, the "St. Marks Defendants"), Motion for Partial Summary Judgment (ECF No. 59) and Plaintiff's, The Harry and Jeanette Weinberg Foundation, Inc. (the "Foundation"), Motion for Partial Summary Judgment (ECF No. 77). This action arises from an agreement the Foundation entered into with Defendant Communities Organized to Improve Life, Inc. ("COIL") to develop property located at 1200 West Baltimore Street, Baltimore, Maryland 21223 (the "Property"), COIL's principal address, and COIL's subsequent sale of the Property to St. Marks.

The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will deny the St. Marks Defendants' Motion without prejudice in part and grant the Motion in part. The Court will also deny the Foundation's Motion without prejudice and provide the Foundation an opportunity to move for leave to file a second amended complaint.

## I. BACKGROUND[1]

The Foundation is a private Maryland organization that provides grants to organizations that offer direct services to disadvantaged and vulnerable individuals. (Am. Compl. ¶ 3, ECF No. 57). Smith is the Chief Executive Officer and registered agent of COIL, a not-for-profit corporation organized under Maryland law. (Id. ¶¶ 6, 7). This matter involves the sale of the Property, COIL's principal address. (Id. ¶¶ 6, 18–21). On February 7, 1996, the Foundation entered into an agreement with COIL to develop the Property and granted COIL $675,000 for its development (the "Agreement"). (Id. ¶¶ 13, 14). The Agreement also gave COIL the limited right to display "The Harry & Jeanette Weinberg" (the "Sign") on the Property after construction ended; the Agreement required COIL to display the Sign through the present day. (Id. ¶ 16). The Agreement further stated that COIL may not sell the property without prior written consent from the Foundation. (Id. ¶ 15).[2]

On April 3, 2013, COIL sold the Property to St. Marks, a New York company, for $1,000,000 without the Foundation's consent (the "Sale"). (Id. ¶¶ 4, 18–21). The same day, St. Marks leased the

---

[1] Unless otherwise noted, the facts outlined here are set forth in the Foundation's Complaint (ECF No. 1). To the extent the Court discusses facts that the Foundation does not allege in its Complaint, they are uncontroverted and the Court views them in the light most favorable to the non-moving party. The Court will address additional facts when discussing applicable law.

[2] Additional facts regarding the Agreement are set forth in

Property to COIL (the "Lease"). (Defs.' Mot. Partial Summ. J. Ex. D ["Lease"], ECF No. 59-2). On November 13, 2014, the Foundation sent a letter to Smith and Defendant Spivey, the sole member of St. Marks, stating that it was ceasing any further engagement with COIL and requesting that the Sign be removed from the exterior of the Property. (Am. Compl. ¶¶ 21, 22). On January 12, 2016, counsel for the St. Marks Defendants sent the Foundation a letter giving the Foundation permission to remove the Sign from the Property ("January 2016 Letter"). (Defs.' Mot. Dismiss Ex. 1 ["Jan. 2016 Letter"], ECF No. 9-1). COIL occupied the Property under the Lease until May 4, 2016, when the District Court for Baltimore City, Maryland evicted COIL from the Property. (Spivey Dec. ¶ 14, ECF No. 59-2). St. Marks then removed the Sign from the Property. (Id. ¶ 15; Defs.' Mot. Partial Summ. J. Exs. G & H, ECF No. 59-2).

On November 19, 2015, the Foundation sued the St. Marks Defendants and Smith, alleging claims for False Endorsement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (2012) (Count I), Breach of Contract (Count II), Civil Conspiracy (Count III), and as to COIL and Smith only, Accounting (Count IV). (Compl., ECF No. 1). On February 4, 2016, the St. Marks Defendants filed a Motion to Dismiss and attached the January 2016 Letter as an exhibit in support of their Motion. (ECF Nos. 8–9; ECF No. 9-1). The Court eventually denied the Motion. (ECF No. 24).

---

this Court's May 16, 2016 Order. (See ECF No. 24).

On December 12, 2016, the St. Marks Defendants filed a Motion for Partial Summary Judgment against the Foundation. (ECF No. 59). On January 9, 2017, the Foundation filed a Response, (ECF No. 66), and on February 3, 2017, the St. Marks Defendants filed a Reply, (ECF No. 72). On February 9, 2017, the Foundation filed a Motion for Partial Summary Judgment against the St. Marks Defendants, COIL, and Smith. (ECF No. 77). The Motion was fully briefed as of April 10, 2017 as to the St. Marks Defendants and Smith. (See ECF Nos. 97, 101, 123). COIL did not file a Response.

## II. DISCUSSION

### A. Standard of Review

In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the nonmovant, drawing all justifiable inferences in that party's favor. Ricci v. DeStefano, 557 U.S. 557, 586 (2009); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970)). Summary judgment is proper when the movant demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a), (c)(1)(A). Significantly, a party must be able to present the

4

materials it cites in "a form that would be admissible in evidence," Fed.R.Civ.P. 56(c)(2), and supporting affidavits and declarations "must be made on personal knowledge" and "set out facts that would be admissible in evidence," Fed.R.Civ.P. 56(c)(4).

Once a motion for summary judgment is properly made and supported, the burden shifts to the nonmovant to identify evidence showing there is genuine dispute of material fact. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The nonmovant cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985) (citation omitted).

A "material fact" is one that might affect the outcome of a party's case. Anderson, 477 U.S. at 248; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001) (citing Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001)). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; accord Hooven-Lewis, 249 F.3d at 265. A "genuine" dispute concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. Anderson, 477 U.S. at 248. If the nonmovant has failed to make a sufficient showing on an essential

element of her case where she has the burden of proof, "there can be 'no genuine [dispute] as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

**B. Analysis**

    **1. The St. Marks Defendants' Motion**

In their Motion for Partial Summary Judgment, the St. Marks Defendants argue that the Court should enter judgment in their favor on Counts I, II, and III. The Court addresses each Count in turn.

        **a. Count I (False Endorsement)**

The St. Marks Defendants argue that the Court should enter judgment in their favor on the False Endorsement claim because there is no dispute that COIL, as tenant of the Property, controlled removal of the Sign. The Court disagrees.

To review, summary judgment is proper when the movant demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a)(emphasis added). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. Here, the St. Marks

Defendants do not make any attempt to describe substantive law governing false endorsement claims. Nor do they explain how control of the Sign is a material fact which affects the outcome of the False Endorsement claim. Thus, the Court is currently unable to determine whether control of the Sign can be considered a material fact. See Anderson, 477 U.S. at 248. Accordingly, the Court will deny the St. Marks Defendants' Motion without prejudice as to Count I.

### b. Count II (Breach of Contract)

The St. Marks Defendants contend that the Court should enter judgment in their favor on the Breach of Contract claim because they were not parties to the Agreement. The Foundation disagrees, arguing that the Sale was invalid because as recipients of the Property from the Sale, the St. Marks Defendants are required parties under Rule 19(a)(1). But the Foundation brings no claim under which the Court can invalidate the Sale. The Foundation brings only three claims: (1) False Endorsement, related to the Sign; (2) Breach of Contract, related to COIL's alleged breach of the Agreement with the Foundation; and (3) Civil Conspiracy, also related to the Sign. In fact, nowhere in the Complaint is there any allegation that Smith did not have the proper authority to execute the Sale with St. Marks. Thus, the Court will not consider whether the Sale was invalid, and in turn, whether the St. Marks Defendants are required parties.

7

Under Maryland law,[3] a plaintiff alleging a breach of contract "must of necessity allege with certainty and definiteness facts showing [1] a contractual obligation owed by the defendant to the plaintiff and a [2] breach of that obligation by defendant." Polek v. J.P. Morgan Chase Bank, N.A., 36 A.3d 399, 416 (Md. 2012) (quoting Cont'l Masonry Co. v. Verdel Constr. Co., 369 A.2d 566, 569 (Md. 1977)) (internal quotation marks omitted). Here, it is undisputed that the St. Marks Defendants were not parties to the Agreement. (See Mem. Mot. Partial Summ. J. Ex. G at 12, ECF No. 78-7). Nor is there any evidence that the St. Marks Defendants owed the Foundation any other contractual obligation applicable to the Sale. Thus, the Court concludes that the St. Marks Defendants are entitled to judgment as a matter of law on the Breach of Contract claim. Accordingly, the Court will grant the St. Marks Defendants' Motion as to Count II.

### c. Count III (Civil Conspiracy)

The St. Marks Defendants argue that the Court should enter judgment in their favor on the Civil Conspiracy claim because they are entitled to judgment on two underlying torts: False Endorsement and Breach of Contract. The Court agrees in part.

In Maryland, civil conspiracy requires an underlying tort. See, e.g., Nero v. Mosby, No. MJG-16-1288, 2017 WL 386537, at *10 (D.Md. Jan. 27, 2017) ("The Court of Appeals has 'consistently held

---

[3] The parties agree that Maryland law applies to this action.

that "conspiracy" is not a separate tort capable of independently sustaining an award of damages in the absence of other tortious injury to the plaintiff.'" (quoting Alleco Inc. v. Harry & Jeanette Weinberg Foundation, Inc., 665 A.2d 1038, 1045 (Md. 1995))). As a result, because the St. Marks Defendants are not entitled to judgment as a matter of law on the False Endorsement claim, they are not entitled to judgment as a matter of law on the Civil Conspiracy claim to the extent that it is premised on the False Endorsement claim. But because the St. Marks Defendants are entitled to judgment as a matter of law on the Breach of Contract claim, they are entitled to judgment as a matter of law on the Civil Conspiracy claim to the extent that it is premised on a breach of contract.

Accordingly, the Court will deny the St. Marks Defendants' Motion without prejudice as to Count III to the extent it is based on the False Endorsement Claim and grant the Motion as to Count III to the extent it is based on the Breach of Contract Claim.

**2. The Foundation's Motion**

As with the Foundation's Response to the St. Marks Defendants' Motion as to Count II, in its Motion, the Foundation argues that the Sale is invalid because Smith violated COIL's by-laws when she allegedly executed the Sale, making her actions on behalf of COIL unauthorized. Because this new claim is not currently before the Court, for the same reasons described above, the Court will not

9

consider it.[4]  The Court, therefore, will deny the Foundation's Motion without prejudice and give the Foundation an opportunity to move for leave to file a second amended complaint.  See Fed.R.Civ.Proc. 15(a)(2) (permitting a party to amend its pleading with the court's leave after amending its pleading once as a matter of course).

### III. CONCLUSION

For the foregoing reasons, the Court will deny without prejudice in part and grant in part the St. Marks Defendants' Motion for Partial Summary Judgment (ECF No. 59). The Motion is denied without prejudice as to the False Endorsement claim and the Civil Conspiracy claim to the extent that it is premised on the False Endorsement claim.  The Motion is granted as to the Breach of Contract claim and the Civil Conspiracy claim to the extent that it is premised on a breach of contract.  The Court will deny without prejudice the Foundation's Motion for Partial Summary Judgment (ECF No. 77).  The Foundation will have fifteen days from the date of this Memorandum Opinion to move for leave to file a second amended complaint, if it so chooses.  A separate Order follows.

---

[4] The Foundation also argues that COIL breached paragraph 1(c) of the Agreement by failing to transfer the Property to a not-for-profit entity when COIL dissolved.  As relief, the Foundation asks the Court to donate the Property to a qualifying entity directly or through a court-appointed receiver.  Because neither this alleged breach nor the requested relief is described anywhere in the Complaint, neither is currently before the Court and the Court will not consider them.

Entered this 21st day of June, 2017

                                                                  /s/
                                                   _____
                                                   George L. Russell, III
                                                 United States District Judge