UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

July 27, 2017

MEMORANDUM TO PARTIES RE:  The Harry and Jeanette Weinberg Foundation, Inc.
v. St. Marks Avenue, LLC, et al.
Civil Action No. GLR-15-3525

Dear Parties:

Pending before the Court are Defendant Stacy Smith's Motion for Stay of Proceedings (ECF No. 132) and Motion for Leave to File Second Amended Counterclaim[1] (ECF No. 134). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will deny the Motion for Stay, and the Court will grant in part and deny in part the Motion for Leave.[2]

This action originally arose from an agreement the Foundation entered into with Defendant Communities Organized to Improve Life, Inc. ("COIL") to develop property located at 1200 West Baltimore Street, Baltimore, Maryland 21223 (the "Property"), COIL's principal address, and COIL's subsequent sale of the Property to St. Marks Avenue, LLC ("St. Marks"). The Foundation is a not-for-profit Maryland organization. (2d Am. Countercl. ¶ 2, ECF No. 134-1). Smith is a Baltimore, Maryland resident. (See, e.g., Resp. Notice Vol. Dism. at 32, ECF No. 152) (signing her most recent filing with the Court with an address located in Baltimore, MD).

On November 19, 2015, the Foundation sued St. Marks, Spivey (collectively, the "St. Marks Defendants"), and Smith alleging claims under the Lanham Act and Maryland law. (Compl., ECF No. 1). On February 3, 2017, Smith, without her then-counsel, filed a Counterclaim/Crossclaim against the Foundation and the St. Marks Defendants alleging various claims under the U.S.

---

[1] Smith refers to her Motion as a Motion for Leave to File "Amended Cross Complaint." (ECF No. 134). Because Smith alleges claims against the Foundation, it is a counterclaim, but because she also alleges claims against the St. Marks Defendants, it is a crossclaim as well. And because she already filed an Amended Counterclaim/Crossclaim, this is her Second Amended Counterclaim/Crossclaim. For ease of reference, the Court will refer to this pleading as the "Second Amended Counterclaim."

[2] Also pending before the Court is The Harry and Jeanette Weinberg Foundation, Inc.'s (the "Foundation") Motion for Civil Contempt (ECF No. 122) and Smith's Motion for Leave to File Surreply (ECF No. 131). The Motion for Civil Contempt and the Motion for Leave to File Surreply relate to the Foundation's claims against St. Marks and Defendant William Spivey, which the Court dismissed without prejudice on July 7, 2017. (ECF No. 150). Thus, the Motions are DENIED AS MOOT WITHOUT PREJUDICE.

Constitution, the Sherman Anti-Trust Act, and Maryland law. (Countercl., ECF No. 73). On March 13, 2017, Smith, proceeding pro se, filed an Amended Counterclaim/Crossclaim against the Foundation and the St. Marks Defendants alleging claims under Maryland law. (Am. Countercl., ECF No. 103).

On April 21, 2017, the Court dismissed Smith's Amended Counterclaim/Crossclaim but gave Smith ten days to move for leave to file a second amended counterclaim/crossclaim. On May 1, 2017, Smith filed a Motion for Leave to File Second Amended Counterclaim against the Foundation and the St. Marks Defendants alleging Civil Conspiracy (Count I), Tortious Inference (Count II), Abuse of Process (Count III), Defamation of Character (Count IV), and Intentional and Negligent Infliction of Emotional Distress (Count V) under Maryland law.³ (2d Am. Countercl., ECF No. 134-1). On May 9, 2017, the Foundation opposed Smith's Motion. (ECF No. 138). Smith did not file a Reply. The Motion remains unopposed by the St. Marks Defendants.

On April 25, 2017, Smith filed a Motion for Stay of Proceedings seeking a stay of all proceedings in this case. (ECF No. 132). On July 6, 2017, the Foundation filed a Notice of Voluntary Dismissal of all the Foundation's claims against the St. Marks Defendants. (ECF No. 149). On July 7, 2017, the Court issued an Order of Dismissal dismissing the Foundation's claims without prejudice. (ECF No. 150). On July 11, 2017, the Foundation supplemented its Opposition. (ECF No. 154).

**Motion for Stay of Proceedings**

Smith is seeking a stay of all proceedings in this case on the grounds that her former lawyer, William Sherwood, Esq., failed to provide her with her case files in a "clear cohesive manner." (Mem. Supp. Mot. Stay Procs. at 1, ECF No. 132-1). She asserts that she needs additional time to secure counsel for COIL and herself. Since the filing of the Motion, Smith has been self-represented and has failed to secure counsel for COIL. Indeed, as indicated above, the litigation landscape has changed significantly. The Court concludes that Smith has had ample opportunity to secure counsel but has failed to do so. To the extent that Smith seeks redress against her former counsel, she may seek relief in an appropriate forum—including the Attorney Grievance Commission of Maryland. The Court will not, however, entertain or intervene in a dispute with her former attorney. Thus, the Court will deny the Motion for Stay of Proceedings.

**Motion for Leave to File Second Amended Counterclaim**

In its supplement to the Opposition, the Foundation argues that because the Court dismissed the Foundation's Lanham Act claim and because there is no diversity of citizenship between the Foundation and Smith, the Court should deny Smith's Motion to the extent Smith brings claims against the Foundation for lack of subject matter jurisdiction. The Court agrees.

---

³ Smith did not number her Abuse of Process claim. Thus, the Court numbers it Count III and changes the remaining counts accordingly.

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at <u>any time</u> that it lacks subject-matter jurisdiction, the court must dismiss the action." (Emphasis added.) Indeed, "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised <u>sua sponte</u> by the court." <u>Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.</u>, 369 F.3d 385, 390 (4th Cir. 2004) (emphasis added).

"Federal courts are courts of limited jurisdiction." <u>Home Buyers Warranty Corp. v. Hanna</u>, 750 F.3d 427, 432 (4th Cir. 2014) (quoting <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994)). There are three principal bases for subject-matter jurisdiction in federal court: (1) federal-question jurisdiction[4]; (2) diversity jurisdiction; (3) and supplemental jurisdiction. Typically, federal courts retain jurisdiction over state claims based on diversity jurisdiction, which exists when there is an amount in controversy exceeding $75,000, exclusive of interests and costs, and complete diversity of citizenship. <u>See</u> 28 U.S.C. § 1332(a) (2012). District courts may also retain jurisdiction over state claims based on the doctrine of supplemental jurisdiction. Under this doctrine, when a district court has original jurisdiction, it will also have jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a) (2012). District courts have the discretion to decline exercising supplemental jurisdiction over a state claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Here, the Court originally had jurisdiction over this case based on federal-question jurisdiction. The Foundation brought a Lanham Act claim, a claim arising under federal law, against the St. Marks Defendants. (<u>See</u> Am. Compl. ¶ 37, ECF No. 57). But the Court dismissed that claim, and the remainder of the Foundation's claims, without prejudice. (ECF No. 150). Because the Court "dismissed all claims over which it has original jurisdiction," in order for the Court to retain jurisdiction over the Second Amended Counterclaim, either (1) the Court must exercise supplemental jurisdiction under its discretion, <u>see</u> 28 U.S.C. § 1367(c)(3), or (2) the Second Amended Counterclaim must have an independent basis for jurisdiction.

District courts "enjoy wide latitude" in determining whether to exercise supplemental jurisdiction under its discretion. <u>Shanaghan v. Cahill</u>, 58 F.3d 106, 110 (4th Cir. 1995). In exercising their discretion, district courts consider the following factors: "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." <u>Id.</u> (citing <u>Carnegie–Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n.7 (1988)). Considering those factors here, the Court will decline to exercise supplemental jurisdiction. Judicial economy would not be served by retaining jurisdiction because the Court has not had an occasion to analyze Smith's allegations or the relevant authorities. The Court has only considered motions to dismiss related to Smith's previous amended counterclaim, and the Court granted them only because the first amended counterclaim/crossclaim violated Rule 8. (<u>See</u> ECF No. 129). What is more, the Court is not aware of any discovery that has been completed related to Smith's claims. Finally, there

---

[4] <u>See</u> 28 U.S.C. § 1331 (2012).

are no matters of federal policy likely to emerge from her claims. Thus, the Court declines to exercise supplemental jurisdiction over the Second Amended Counterclaim to the extent Smith asserts claims against the Foundation. Smith is free to pursue her claims against the Foundation in state court.

Nor does the Second Amended Counterclaim have an independent basis for jurisdiction. There is no federal-question jurisdiction because Smith only asserts claims under Maryland law: Civil Conspiracy, Tortious Inference, Abuse of Process, Defamation of Character, and Intentional and Negligent Infliction of Emotional Distress. (2d Am. Countercl. ¶¶ 59–92). In addition, there is no diversity jurisdiction because Smith and the Foundation are Maryland residents. (2d Am. Countercl. ¶ 2; see e.g., Resp. Notice Vol. Dism. at 32). Thus, the Court concludes that there is no jurisdiction over the Second Amended Counterclaim to the extent that Smith brings claims against the Foundation. Accordingly, the Court will deny Smith's Motion in part and dismiss the Foundation from this case.

The Court next considers whether to grant Smith's Motion to the extent Smith brings claims against the St. Marks Defendants. The Court concludes that Smith may amend the Amended Counterclaim for her claims against the St. Marks Defendants.

There is a "federal policy in favor of resolving cases on the merits instead of disposing of them on technicalities." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 379 (4th Cir. 2012) (quoting Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc., 576 F.3d 172, 193 (4th Cir. 2009)). To satisfy this policy, the court gives a plaintiff "every opportunity to cure formal defects in his pleading. This is true even though the court doubts that plaintiff will be able to overcome the defects in his initial pleading." Ostrzenski v. Seigel, 177 F.3d 245, 253 (4th Cir. 1999) (citation omitted). The court only denies leave to amend a complaint when "it appears to a certainty that plaintiff cannot state a claim." Id. (citation omitted). Indeed, "[t]he better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim." Id. (internal quotation marks omitted).

Consonant with the federal policy in favor of resolving cases on their merits, Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend a complaint] when justice so requires." Justice does not require permitting leave to amend when amendment would prejudice the opposing party, the moving party has exhibited bad faith, or amendment would be futile. See Edell & Assocs., P.C. v. Law Offices of Peter G. Angelos, 264 F.3d 424, 446 (4th Cir. 2001) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999)). "Leave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." Johnson, 785 F.2d at 510 (citing Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980)).

Here, the St. Marks Defendants do not oppose Smith's Motion. There is no assertion before the Court, therefore, that the Second Amended Counterclaim would prejudice the St. Marks

4

Defendants or that Smith has exhibited bad faith.  See Edell, 264 F.3d at 446.  And after reviewing the Second Amended Counterclaim, the Court concludes that Smith's allegations are not clearly insufficient or frivolous on their face.  See Johnson, 785 F.2d at 510 (citing Davis, 615 F.2d at 613).  Similarly, it does not appear "to a certainty that plaintiff cannot state a claim." Ostrzenski, 177 F.3d at 253.  Thus, the Court will grant the Motion to the extent Smith brings claims against the St. Marks Defendants.

For the foregoing reasons, Smith's Motion for Stay of Proceedings (ECF No. 132) is DENIED and Smith's Motion for Leave to File Second Amended Counterclaim (ECF No. 134) is GRANTED in part and DENIED in part.  The Motion is denied to the extent Smith brings claims against the Foundation.  The Motion is granted to the extent Smith brings claims against the St. Marks Defendants.  The Foundation is TERMINATED as a Plaintiff in this case.  The St. Marks Defendants shall file a responsive pleading to Smith's Second Amended Counterclaim within fourteen days.

Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket the Order accordingly and mail a copy to Smith at her address of record.

Very truly yours,

/s/
George L. Russell, III
United States District Judge