UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

November 13, 2017

MEMORANDUM TO PARTIES RE:   The Harry and Jeanette Weinberg Foundation, Inc.
v. St. Marks Avenue, LLC, et al.
Civil Action No. GLR-15-3525

Dear Parties:

Pending before the Court are Defendants St. Marks Avenue, LLC ("St. Marks") and William Spivey's (collectively, the "St. Marks Defendants") Bill of Costs (ECF No. 151) and Motion for Leave to File Amended Crossclaim (ECF No. 171). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will deny awarding the Bill of Costs and grant the Motion for Leave to File Amended Crossclaim.

On November 19, 2015, Plaintiff The Harry and Jeanette Weinberg Foundation, Inc. (the "Foundation") sued the St. Marks Defendants and Stacy Smith, alleging claims for False Endorsement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (2012) (Count I), Breach of Contract (Count II), Civil Conspiracy (Count III), and as to Communities Organized to Improve Life, Inc. ("COIL") and Smith only, Accounting (Count IV). (Compl., ECF No. 1). On July 6, 2017, the Foundation filed a Notice of Voluntary Dismissal, stating that it is dismissing all of its claims against the Defendants. (ECF No. 149). The Court approved the Notice on July 7, 2017. (ECF No. 150).

On July 10, 2017, the St. Marks Defendants filed a Bill of Costs. (ECF No. 151). They seek $924.20 for costs related to their deposition of Smith. (Id.). On July 12, 2017, the Foundation filed an Opposition to the Bill of Costs. (ECF No. 155). On October 26, 2017, the St. Marks Defendants filed correspondence requesting that the Court rule on their Bill of Costs and arguing that the Court should award costs to them. (ECF No. 173). On October 30, 2017, the Foundation filed correspondence responding that the Court should not award costs to the St. Marks Defendants. (ECF No. 174).

**The St. Marks Defendants' Bill of Costs**

The St. Marks Defendants contend that the Court should award costs to them because they are the prevailing party under Federal Rule of Civil Procedure 54(d). The Foundation responds that the Court should not award costs because the deposition for which the St. Marks Defendants seek costs was unrelated to the Foundation's claims against the St. Marks Defendants. The Court agrees with the Foundation.

Under Rule 54(d), "costs—other than attorney's fees—should be allowed to the prevailing party." The district court has discretion to deny an award of costs. Grochowski v. Sci. Applications Int'l Corp., No. ELH-13-3771, 2017 WL 121743, at *3 (D.Md. Jan. 12, 2017) (quoting Ellis v. Grant Thornton LLP, 434 F.App'x 232, 235 (4th Cir. 2011) (per curiam)). In the Fourth Circuit, however, there is a presumption in favor of awarding costs. Id. at *2 (quoting Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999)). As a result, the unsuccessful party must show "circumstances sufficient to overcome" this presumption. Id. (quoting Wyne v. Medo Indus., Inc., 329 F.Supp.2d 584, 586 (D.Md. 2004)).

If the district court denies an award of costs, it must "'articulat[e] some good reason' for its denial." Id. at *3 (alteration in original) (quoting Ellis, 434 F.App'x at 235). The following factors justify denying an award of costs: "(1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." Id. (quoting Ellis, 434 F.App'x at 235).

Here, the Court concludes that the Foundation has shown that the fourth factor—the limited value of the St. Marks Defendants' victory—justifies denying them costs. While they correctly point out that they are the "prevailing party" under Rule 54(d), the St. Marks Defendants prevailed on only the Foundation's Lanham Act and conspiracy claims against them. But the deposition of Smith for which the St. Marks Defendants seek costs was not related to defending against these claims. Instead, the St. Marks Defendants deposed Smith about their crossclaim against Smith and Smith's crossclaim against the St. Marks Defendants. (Smith Dep. 234–57, Jan. 11, 2017, ECF No, 155-1). Thus, the limited value of the St. Marks Defendants' victory, prevailing on the Foundation's Lanham Act and conspiracy claims, does not justify awarding costs for an unrelated deposition. Accordingly, the Court will deny awarding the St. Marks Defendants' Bill of Costs.

**Motion for Leave to File Amended Crossclaim**

The St. Marks Defendants' Motion for Leave to File Amended Crossclaim is unopposed. Upon consideration of the Motion, the Court concludes that it is meritorious. Thus, the Court will grant the Motion.

Finally, in a status report, St. Marks asks the Court to sign an order "specifically stating that the voluntary dismissal by the [Foundation] is [w]ith prejudice." (ECF No. 170). The Court declines. The Court observes that it granted the St. Marks Defendants' Motion to Alter the Order of Voluntary Dismissal. (ECF No. 169). In that Motion, the St. Marks Defendants moved for the Court to alter its July 7, 2017 Order dismissing the Foundation's claims in this case so that the dismissal is with prejudice. (ECF No. 156). Thus, the Court has already altered its July 7, 2017 Order to dismiss the Foundation's claims with prejudice.

For the foregoing reasons, the Court DENIES awarding the St. Marks Defendants' Bill of Costs (ECF No. 151) and GRANTS their Motion for Leave to File Amended Crossclaim (ECF No.

171). Smith SHALL file a responsive pleading to the Amended Crossclaim within fourteen days of the date of this memorandum.

Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket the Order accordingly and mail a copy to Smith at her address of record.

Very truly yours,

/s/
George L. Russell, III
United States District Judge