IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THE HARRY AND JEANETTE  :
WEINBERG FOUNDATION, INC.,
 :
    Plaintiff,
 :
v.
 :    Civil Action No. GLR-15-3525
ST. MARKS AVENUE, LLC, et al.,
 :
    Defendants.

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Cross-Plaintiff Stacy Smith's Motion for Temporary Injunction and Cease and Desist Order (ECF No. 133), the St. Marks Defendants'[1] Motion to Dismiss Smith's Second Amended Counterclaim/Crossclaim ("Smith's Crossclaim")[2] (ECF No. 162), and Smith's Motion to Dismiss St. Marks' Amended Crossclaim (the "St. Marks Crossclaim") (ECF No. 176). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will deny Smith's Motion for Temporary Injunction, grant the St. Marks Defendants' Motion to Dismiss, and grant Smith's Motion to Dismiss.

---

[1] Capitalized terms retain their definitions from the Court's July 27, 2017 Memorandum and Order (ECF No. 159).

[2] Smith refers to her pleading against the St. Marks Defendants as an "Amended Cross-Defendant's Counterclaim." (ECF No. 160). The Court permitted Smith, a defendant, to file a second amended pleading to bring claims against only the St. Marks Defendants, (ECF No. 159), making it a second amended crossclaim.

# I. BACKGROUND[3]

This action originally arose from an agreement The Harry and Jeanette Weinberg Foundation, Inc. (the "Foundation") entered into with Defendant COIL to develop the Property and COIL's subsequent sale of the Property to St. Marks. Sometime during 2013, when COIL owned the building, one of its tenants, Mort Lapides, "disrupt[ed]" other tenants and activities occurring on the Property. (2d Am. Cross-cl. ¶¶ 52, 53, ECF No. 160). He eventually agreed to leave the Property. (Id. ¶ 55). Later in the year, on April 8, 2013, COIL sold the Property to St. Marks (the "Sale"). (Id. ¶ 25).

COIL then signed a five-year lease with St. Marks for the Property. (Id. ¶ 26). During COIL's tenancy, it experienced various challenges with the building, such as problems with the HVAC system, electrical problems, and flooding. (Id. ¶¶ 27–30). The owner, William Spivey, did not address these problems. (Id. ¶¶ 29, 30, 32, 35). St. Marks later filed an eviction action against COIL and received a default judgment in its favor. (Id. ¶¶ 44–46).

On November 19, 2015, the Foundation sued the St. Marks Defendants and Smith. (Compl., ECF No. 1). In June of 2016, the Foundation's attorney told a newspaper that the Foundation's "goal" of their lawsuit was to "figure out what happened to the sale money," presumably referring to COIL's sale of the Property to St. Marks. (Cross-cl. ¶ 86). On

---

[3] The Court provided the factual background of this case in its April 21, 2017 Memorandum and Order (ECF No. 129). The Court repeats only facts relevant to the pending Motions. Unless otherwise noted, the Court takes them from Smith's Crossclaim and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

December 5, 2016, the Foundation filed an Amended Complaint to add COIL as a defendant. (ECF No. 57).

On February 3, 2017, Smith filed a Counterclaim/Crossclaim against the Foundation and the St. Marks Defendants alleging various claims under the U.S. Constitution, the Sherman Anti-Trust Act, and Maryland law. (Countercl., ECF No. 73). On March 13, 2017, Smith filed an Amended Counterclaim/Crossclaim against the Foundation and the St. Marks Defendants alleging claims solely under Maryland law. (Am. Countercl., ECF No. 103). On April 21, 2017, the Court dismissed Smith's Amended Counterclaim/Crossclaim but gave Smith ten days to move for leave to file a second amended counterclaim/crossclaim. (ECF No. 29).

On April 25, 2017, Smith filed the instant Motion for Temporary Injunction and Cease and Desist Order, (ECF No. 133), which the St. Marks Defendants opposed on May 9, 2017, (ECF No. 136). On May 1, 2017, Smith filed a Motion for Leave to File Second Amended Counterclaim/Crossclaim against the Foundation and the St. Marks Defendants. (2d Am. Cross-cl., ECF No. 134-1). In her five-count Counterclaim/Crossclaim, Smith alleges: Civil Conspiracy (Count I); Tortious Inference (Count II); Abuse of Process (Count III);[4] Defamation of Character (Count IV); and Intentional and Negligent Infliction of Emotional Distress (Count V) under Maryland law. (Id. ¶¶ 59–92). Smith seeks $39,176.36 in

---

[4] Smith did not number her Abuse of Process claim. Thus, the Court numbers it Count III and changes the remaining counts accordingly.

compensatory damages and $10,000,000.00 in punitive damages. (Id. ¶ 58).

Meanwhile, on July 6, 2017, the Foundation filed a Notice of Voluntary Dismissal of all the Foundation's claims against the St. Marks Defendants. (ECF No. 149). On July 7, 2017, the Court issued an Order of Dismissal dismissing the Foundation's claims. (ECF No. 150).[5]

On July 27, 2017, the Court granted in part and denied in part Smith's Motion for Leave to File a Second Amended Counterclaim/Crossclaim. (ECF No. 159). The Court granted Smith's Motion as to her crossclaims against the St. Marks Defendants but denied her Motion as to her counterclaims against the Foundation. (Id.). The St. Marks Defendants now move to dismiss each crossclaim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 162). On August 22, 2017, Smith filed an Opposition. (ECF No. 167). To date, the Court has not received a Reply from the St. Marks Defendants.

On November 13, 2017, St. Marks filed an amended crossclaim against COIL and Smith. (ECF No. 176). In its two-count Crossclaim, it alleges (1) Breach of Lease (Count I) and (2) a claim under Md. Code Ann., Real Prop. § 7-106(c) (West 2018) (Count II). (Id. ¶¶ 11–18). St. Marks seeks a monetary judgment, a certificate of satisfaction of the deed of trust from the Sale, and a declaration that the promissory note from the Sale is paid. (Id. at 4).

Smith now moves to dismiss each claim. (ECF No. 177). On November 20, 2017, St. Marks filed an Opposition. (ECF No. 178). On December 4, 2017, Smith filed a Reply. (ECF No. 179).

## II.     DISCUSSION

### A.     Smith's Motion for Temporary Injunction and Cease and Desist Order

Smith seeks a temporary injunction and cease and desist order under 15 U.S.C. § 57b (2018) on the grounds that the St. Marks Defendants continue to use the trade name "Urban Business Center" without her permission. She asks the Court to enjoin the St. Marks Defendants from using the Urban Business Center name, the "We [t]he People[,] LLC" name, or Smith's name, and to order the St. Marks Defendants to "cease all business operations" under those names. (Mot. Temp. Inj. at 1, ECF No. 133). Smith "requests any and all" revenue the St. Marks Defendants earned since May 23, 2016 and treble damages. (Id. at 2). Section 57b, however, governs the relief available in suits brought by the Federal Trade Commission. 15 U.S.C. §§ 41, 57b. Smith is a private citizen. Thus, the Court will deny Smith's Motion.

---

[5] The St. Marks Defendants' Motion to Alter the Order of Voluntary Dismissal asked the Court to amend its Order so that the Court dismissed the Foundation's claims with

5

**B.     The St. Marks Defendants' Motion to Dismiss**

**1.     Standard of Review**

The St. Marks Defendants bring their Motion under Federal Rule of Civil Procedure 12(b)(6). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013).

---

prejudice. (ECF No. 156). The Court granted the Motion. (ECF No. 169).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cty., 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

Smith filed her Crossclaim pro se. Pro se pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); accord Brown v. N.C. Dep't of Corr., 612 F.3d 720, 722 (4th Cir. 2010). Pro se complaints are entitled to special care to determine whether any possible set of facts would entitle the plaintiff to relief. Hughes v. Rowe, 449 U.S. 5, 9–10 (1980). But even a pro se complaint must be dismissed if it does not allege "a plausible claim for relief." Forquer v. Schlee, No. RDB-12-969, 2012 WL 6087491, at *3 (D.Md. Dec. 4, 2012) (citation and internal quotation marks omitted).

**2.      Analysis**

The St. Marks Defendants move to dismiss each of Smith's five claims. At bottom, the Court concludes that Smith does not sufficiently state any of her claims. The Court addresses each claim in turn.

7

### i. Tortious Interference (Count II)

As a preliminary matter, Smith does not specify which kind of tortious interference claim she is bringing. Under Maryland law, there are two forms of such claims: "inducing the breach of an existing contract and, more broadly, maliciously or wrongfully interfering with economic relationships in the absence of a breach of contract." Blondell v. Littlepage, 991 A.2d 80, 97 (Md. 2010) (quoting Kaser v. Fin. Prot. Mktg., Inc., 831 A.2d 49, 53 (Md. 2003)). Construed liberally, Smith's Crossclaim appears to bring both kinds of tortious interference claims. (Cross-cl. ¶ 70) (referring to damage to Smith's "contractual and business relationships"). Still, even when construed liberally, the Court concludes that Smith insufficiently states both kinds of tortious interference claims.

To state a claim for tortious interference with contract, a plaintiff must allege five elements: "(1) existence of a contract between plaintiff and a third party; (2) defendant's knowledge of that contract; (3) defendant's intentional interference with that contract; (4) breach of that contract by the third party; and (5) resulting damages to the plaintiff." Hugh v. E Tech Holdings, Inc., No. 13-1197-AW, 2013 WL 4543402, at *2 (D.Md. Aug. 26, 2013) (quoting Fowler v. Printers II, Inc., 598 A.2d 794, 802 (Md.Ct.Spec.App. 1991)).

Here, Smith's allegations are severely deficient. She simply describes "acts to damage Ms. Smith's reputation and contractual and business relationships with the intent of causing economic harm." (Cross-cl. ¶ 70). This bare allegation lacks the second and fourth elements entirely. And it only states the first and third elements in a conclusory manner, "devoid of

8

any reference to actual events." Hirst, 604 F.2d at 847. The only other allegation that arguably references a contract is Smith's assertion that in 2013, Lapides committed acts that "disrupt[ed] and discourage[d] the current tenants" from renting space at the Property; the tenants presumably entered into leasing agreements. (Cross-cl. ¶ 52). Yet in 2013, the owner of the building was COIL, which sold the building to St. Marks later in the year. (Id. ¶¶ 25, 26). Smith does not allege that she ever owned the building. So, at best, Smith has plead the existence of a contract between third parties and COIL or St. Marks—not Smith, which the first element requires. Thus, Smith fails to state a claim for tortious interference with contract.

Nor does Smith state a claim for tortious interference with economic relationships. To state this broader claim, a plaintiff must allege four elements: "(1) intentional and willful acts; (2) calculated to cause damage to the plaintiff[] in [her] lawful business; (3) done with the unlawful purpose to cause such damage and loss, without right or justifiable cause on the part of the defendants (which constitutes malice); and (4) actual damage and loss resulting." Hugh, 2013 WL 4543402, at *2 (citing Kaser, 831 A.2d at 53). This tort "requires more than mere competition"; that is, the tort requires "conduct that is independently wrongful or unlawful." Doe v. Johns Hopkins Health Sys. Corp., No. TDC-16-1635, 2017 WL 1293568, at *9 (D.Md. Apr. 6, 2017) (quoting Alexander & Alexander Inc. v. B. Dixon Evander & Assocs., Inc., 650 A.2d 260, 271 (Md. 1994)).

9

Here, Smith simply makes unadorned assertions that the St. Marks Defendants "damage[d]" her "business relationships with the intent of causing economic harm" and St. Marks "deter[red] business and stop[ped] activities from taking place" at the Property. (Cross-cl. ¶¶ 70, 73). She pleads that the St. Marks Defendants interfered with her "business relationships" by "not addressing issues . . . that were out of the scope of the lease[] which [a]ffected the operations of the building and caused the loss of business." (Cross-cl. ¶ 73). Both allegations are too conclusory to describe any "wrongful or unlawful" conduct. See Johns Hopkins, 2017 WL 1293568, at *9 (quoting Alexander, 650 A.2d at 271). Indeed, there was no obligation for St. Marks to address the "issues" she complains of because, by Smith's own admission, they "were out of the scope of the lease[]." (Cross-cl. ¶ 73).

Smith also alleges that the St. Marks Defendants "conjured up pandemonium and filed frivolous lawsuits to interrupt business relationships to drive businesses, patrons, and community residents and the []like away from dealing with [her] and [to] stop the successful activities" happening at the Property. (Id. ¶ 70). She further states that the Foundation conspired with the St. Marks Defendants to bring a lawsuit against Smith to "bring undue public scrutiny and scorn" upon her. (Id. ¶ 72). To be sure, filing "groundless civil suits . . . in bad faith" constitutes a "wrongful or unlawful" act. Johns Hopkins, 2017 WL 1293568, at *9 (quoting Alexander, 650 A.2d at 271). Nevertheless, Smith still fails to state a claim because there are no allegations supporting her claim under the fourth element—actual damage and loss resulting. Smith's Crossclaim is bereft of any allegations describing the

damage or loss that occurred to Smith's business as a result of the St. Marks Defendants or the Foundation filing suits against Smith. Thus, Smith has failed to state a claim for tortious interference with economic relationships as well.

Smith, therefore, has insufficiently stated a claim for tortious interference under Maryland law. Accordingly, the Court will dismiss Count II.

### ii. Abuse of Process (Count III)

Prior to addressing the merits of Smith's abuse of process claim, the Court must first address whether she labels her claim correctly. An action for abuse of process provides a remedy for instances where "legal procedure has been set in motion in proper form, <u>with probable cause</u>, and even with ultimate success, but nevertheless has been perverted to accomplish an ulterior purpose for which it was not designed." <u>Metro Media Entm't, LLC v. Steinruck</u>, 912 F.Supp.2d 344, 350 (D.Md. 2012) (emphasis added) (quoting <u>One Thousand Fleet Ltd. P'ship v. Guerriero</u>, 694 A.2d 952, 956 (Md. 1997)).

Here, instead, Smith asserts that the St. Marks Defendants and the Foundation conspired to file suits <u>without basis</u> against her in order to harm her. Construed liberally, her claim, then, sounds as one for malicious use of process, rather than abuse of process. To state a malicious use of process claim, a plaintiff must allege that a prior civil proceeding: (1) was instituted by the defendant; (2) was instituted without probable cause, defined as "a reasonable ground for belief in the existence of such state of facts" that would justify bringing the suit; (3) was instituted with malice; (4) terminated in favor of the plaintiff; and

(5) resulted in the plaintiff suffering "special injury." Knox v. Mayor Balt. City, No. JKB-17-1384, 2017 WL 5903709, at *11 (D.Md. Nov. 30, 2017) (quoting Guerriero, 694 A.2d at 956). Special injury includes "arrest or imprisonment," "seizure of property," or other injury that "would not necessarily result in all suits prosecuted to recover for a like cause of action." Id. (quoting Guerriero, 694 A.2d at 956).

The Court concludes that Smith fails to state a claim for malicious use of process because she does not plead any facts that support the fifth element, special injury. She only states that she suffered "financial hardship" and "distress" from the malicious use of process she alleges. (Cross-cl. ¶ 83). She also pleads that the St. Marks Defendants initiated eviction proceedings, but they brought their eviction action against COIL—not Smith—because COIL was their tenant. (Id. ¶¶ 44–46). So, at best, only COIL suffered any special injury by having the St. Marks Defendants seize COIL's property. Thus, Smith insufficiently states a claim for malicious use of process under Maryland law. Accordingly, the Court will dismiss Count III.

### iii. Defamation (Count IV)

To state a claim for defamation, a plaintiff must allege that: "(1) the defendant made a defamatory communication to a third person; (2) the statement was false; (3) the defendant was at fault in communicating the statement; and (4) the plaintiff suffered harm." Balt. Sports & Soc. Club, Inc. v. Sport & Soc., LLC, 228 F.Supp.3d 544, 549–50 (D.Md. 2017) (quoting Gomer v. Home Depot U.S.A., Inc., No. GLR-16-356, 2016 WL 5791226, at *6

12

(D.Md. Oct. 4, 2016)). Here, the Court concludes that Smith's Crossclaim does not sufficiently state the second element. Smith only identifies one allegedly defamatory statement, where the Foundation's attorney told a newspaper that the Foundation's "goal" of their lawsuit against Smith and COIL was to "figure out what happened to the sale money." (Cross-cl. ¶ 86). Smith's Crossclaim is devoid of any allegation that this statement is false. In fact, she alleges that this statement is <u>true</u>. She asserts that this statement "highlighted" the Foundation's "true goal" of its lawsuit. (<u>Id.</u>). Thus, Smith has insufficiently stated a claim for defamation under Maryland law. Accordingly, the Court will dismiss Count IV.

### iv. Emotional Distress (Count V) and Civil Conspiracy (Count I)

Under Count V, Smith brings claims for intentional infliction of emotional distress ("IIED"), negligent infliction of emotional distress ("NIED"), and under Count I, Smith brings a civil conspiracy claim. NIED is not a cognizable claim under Maryland law. E.g., <u>Littleton v. Swonger</u>, 502 F.App'x 271, 273 n.1 (4th Cir. 2012) (citing <u>Abrams v. City of Rockville</u>, 596 A.2d 116, 118 (Md. 1991)). Thus, the Court will dismiss Smith's NIED claim.

Smith's IIED claim and civil conspiracy claim fare no better. Recovery of damages for IIED must "arise out of tortious conduct." <u>Exxon Mobil Corp. v. Albright</u>, 71 A.3d 30, 58 (Md. 2013) (citing <u>Hamilton v. Ford Motor Credit Co.</u>, 502 A.2d 1057, 1066 (Md.Ct.Spec.App. 1986)). Similarly, civil conspiracy requires an underlying tort. <u>See, e.g.</u>, <u>Nero v. Mosby</u>, 223 F.Supp.3d 463, 480–81 (D.Md. 2017) ("The Court of Appeals has

13

'consistently held that "conspiracy" is not a separate tort capable of independently sustaining an award of damages in the absence of other tortious injury to the plaintiff.'" (quoting Alleco Inc. v. Harry & Jeanette Weinberg Found., Inc., 665 A.2d 1038, 1045 (Md. 1995))). As a result, because the Court will dismiss all of Smith's other tort claims, the Court must dismiss Smith's IIED claim and civil conspiracy claim as well. Accordingly, the Court will grant the St. Marks Defendants' Motion and dismiss Smith's Crossclaim.

C.  **Smith's Motion to Dismiss**

Smith moves to dismiss St. Marks' Crossclaim. The Court will grant Smith's Motion to the extent that she seeks dismissal of St. Marks' claims against her in her individual capacity. St. Marks seeks relief under its agreements with COIL related to the Sale. The agreements were between St. Marks and COIL; Smith was not a party to any agreement related to the Sale. (See St. Marks Cross-cl. Ex. A–E). For that matter, in its Opposition, St. Marks admits that its Crossclaim has "no cause of action . . . against [Smith] in her individual capacity." (St. Marks Opp'n ¶ 2, ECF No. 178). Thus, the Court will grant Smith's Motion to the extent that she seeks dismissal of St. Marks' claims against her in her individual capacity.

## III.    CONCLUSION

For the foregoing reasons, the Court will deny Smith's Motion for Temporary Injunction and Cease and Desist Order (ECF No. 133). The Court will grant the St. Marks Defendants' Motion to Dismiss Smith's Second Amended Counterclaim/Crossclaim (ECF

No. 162). The Court will dismiss Smith's Crossclaim (ECF No. 160). The Court will grant in part Smith's Motion to Dismiss St. Marks' Amended Crossclaim (ECF No. 177). The Court will dismiss St. Marks' Crossclaim to the extent that it brings claims against Smith in her individual capacity. A separate order follows.

Entered this 5th day of February, 2018          /s/
George L. Russell, III
United States District Judge